Todd B. Scherwin (SBN 239848)
E-Mail: tscherwin@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, CA 90071
Telephone (213) 330-1500
Facsimile (213) 330-1501

Gregory L. Blueford (SBN 302628)
E-Mail: gblueford@fisherphillips.com
FISHER & PHILLIPS LLP
621 Capitol Mall, Suite 1400
Sacramento, California 95814
Telephone: (916) 210-0400
Facsimile: (916) 210-0401

Attorneys for Defendant
PAVESTONE, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS JARAMILLO LOPEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PAVESTONE, LLC, a corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No:<br><br>*[Originally Yolo Superior Court Case No. CV2022-1135]*<br><br>**DEFENDANT PAVESTONE, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446**<br><br>Complaint Filed: July 6, 2022 |

TO PLAINTIFF JORGE LUIS JARAMILLO LOPEZ AND COUNSEL OF RECORD, AND THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE THAT DEFENDANT PAVESTONE, LLC ("Defendant"), through its counsel of record, hereby submits this Notice for Removal ("Notice") to remove this action from the Superior Court of the State of California for the County of Yolo to the United States District Court for the Eastern District of California. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, this Notice is based on diversity of citizenship, as follows:

## NOTICE TO THE COURT AND PARTIES

1. As required by 28 U.S.C. § 1446(b), this Notice was filed within 30 days after Defendant was served with a copy of Plaintiff's Summons and Complaint.

2. In accordance with 28 U.S.C. §1446(d), Defendant will promptly provide notice of this removal to Plaintiff through his attorneys of record, and Defendant will promptly file a copy of this Notice of Removal with the Superior Court of the State of California, in and for the County of Yolo.

3. In the event this Court has a question regarding the proprietary of this Notice of Removal, Defendant requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the basis for this removal, and to produce supporting evidence.

## STATEMENT OF JURISDICTION

4. Pursuant to 28 U.S.C. section 1332, the United States District Court for the Eastern District of California has original jurisdiction over the parties and the subject matter of this action because it is a civil action arising in Yolo County, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and it is a civil action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441.

## VENUE

5. This action was filed in the Superior Court for the County of Yolo. Thus, venue properly lies in the United States District Court for the Eastern District of California. *See* U.S.C. §§ 84(c), 1391, 1441(a).

///

## PLAINTIFF'S COMPLAINT

6. On July 6, 2022, Plaintiff Jorge Luis Jaramillo Lopez ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the County of Yolo styled *Jorge Luis Jaramillo Lopez v. Pavestone, LLC, a corporation and Does 1-50, inclusive*, Case No. CV2022-1135. (Declaration of Gregory L. Blueford ("Blueford Decl.") at ¶ 2.) In the Complaint, Plaintiff alleges six causes of action for: (1) Violation of Labor Code section 233; (2) Violation of the California Family Rights Act ("CFRA"); (3) Wrongful Termination in Violation of Public Policy; (4) Violation of Labor Code section 203; (5) Failure to Provide Employment Records in Violation of Labor Code section 226 and 1198.5, and; (6) Violation of Business & Professions Code section 17200 et seq. (*Id.*)

7. On July 12, 2022, Plaintiff served on Defendants a copy of the Summons and Complaint, Civil Case Cover Sheet and Notice of Case Management. (Blueford Decl. at ¶ 3.)

8. As of the date of this Removal, no other process, pleadings, and/or orders have been served upon Defendant in this case. (Blueford Decl. at ¶ 5.)

9. Based on the foregoing, Defendant is informed and believes that the documents provided constitute the entire state court case file in this matter. (Blueford Decl. at ¶ 3, **Exhibit A**.)

10. Defendant submitted for filing on August 10, 2022, an Answer to the Complaint in Yolo County Superior Court asserting general denials and appropriate affirmative defenses. (Blueford Decl. at ¶ 4, **Exhibit B**.)

## TIMELINESS OF REMOVAL

11. As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30) days after Defendant was served with Summons, and the Complaint. In addition, this Notice of Removal has been filed within one year of commencement of the action in state court as required by 28 U.S.C. §1446(b). Therefore, this Notice of Removal has been timely filed.

## DIVERSITY OF CITIZENSHIP

12. This action is a civil action that provides this Court with a separate and independent basis to exercise jurisdiction over Plaintiff's alleged claims because it is an action between citizens of different states where the amount in controversy exceeds the sum of $75,000.00. (*See* 28 U.S.C. § 1332(a).)

///

13. Defendant is a Delaware limited liability company with its principal executive offices and principal place of business in Atlanta, Georgia. (Declaration of Nick Ivezaj ("Ivezaj Decl."), ¶ 2.) As a limited liability company, Defendant is a citizen of the state(s) of which its members are citizens. (*See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Quikrete Holdings, Inc., a Delaware corporation headquartered at 5 Concourse Parkway, Suite 1900, Atlanta, Georgia, 30328 is the sole member of Pavestone, LLC. (Ivezaj Decl., ¶¶ 2 – 3.) Thus, Defendant's sole member is a citizen and resident of Delaware and Georgia; none of its members are citizens or residents of California.

14. The defendants designated as Does 1 through 50 in Plaintiff's Complaint are fictitious defendants, and have not been served to Defendant's knowledge. (*See* Complaint ¶ 11.) Un-served defendants need not join in the notice of removal. (*See Emrich v. Touche Ross & Co.* 846 F.2d 1190, 1193, fn.1 (9th Cir. 1988)). Additionally, the citizenship of fictitious defendants is disregarded for purposes of removal and cannot destroy the diversity of citizenship between the parties in this action. (28 U.S.C. § 1441(b)(1); *See also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998)).

15. At all relevant times, Plaintiff is, and was, a resident and citizen of California. (*See* Complaint ¶ 4.) For diversity purposes, a person is a "citizen" of the state in which he is domiciled. (*See* 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) [confirming that a person's domicile is the place she resides with the intention to remain]).

16. Accordingly, this action is between citizens of different states, specifically California, Delaware, and Georgia. This complete diversity of citizenship existed at the time Plaintiff filed his Complaint and it exists at the time of this removal.

**AMOUNT IN CONTROVERSY**

17. Plaintiff's Complaint alleges claims for damages that substantially exceed $75,000.00. As discussed further below, Plaintiff's Complaint outlines various general types of damages Plaintiff intends to seek in unspecified amounts including but not limited to: "restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct…," "…reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate equitable relief," "punitive and exemplary damages"

and, "severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety." (Complaint, at ¶¶ 30; 32; 38 – 39; 48 – 49; 58; 62; "Relief Request paragraphs a. – j.)

18. In determining the amount in controversy for purposes of assessing the propriety of a removal, a Court must assume that the allegations in the state court complaint are true and must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. (*See White v. FCI USA, Inc.* (5th Cir. 2003) 319 F.3d 672, 674-76.) Notwithstanding Defendant's position that it engaged in no wrongful conduct, as set forth below, even a low estimate of what Plaintiff could recover if the jury ruled for his on all of the claims in his Complaint would unavoidably result in an overall recovery that would exceed $75,000.00.

19. Plaintiff's Complaint indicates that he has sustained "substantial losses in earnings and other employment benefits." (Complaint, at ¶ 47.) Additionally, Plaintiff claims that he has suffered "severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, the extent of which his not fully known at this time…." (*Id.* at ¶¶ 48; 57.) Plaintiff also claims he is entitled to recovery of exemplary and punitive damages. (*Id.* at ¶¶ 38; 49; 58; Relief Requested(b.).) Because Plaintiff has alleged in his Complaint that he has lost wages and other benefits, and that he suffers from emotional distress, it is more than likely that Plaintiff will seek a substantial six figure sum (at least) for his alleged emotional distress damages, punitive and other damages at trial.

20. Additionally, in evaluating Plaintiff's claim for lost wages and related employee benefits, Plaintiff's salary annualized to approximately $98,057.96 at the time of his separation from Defendant, which occurred on or about January 7, 2022. (Ivezaj Decl., ¶ 4.) Plaintiff will likely seek back wages at his rate of pay when he was terminated. Thus, it is more than likely that Plaintiff claims for lost wages and benefits at trial will greatly exceed $75,000 alone.

21. Further, attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. (*Galt G/S v. JSS Scandinavia* 142 F.3d 1150, 1156 (9th Cir. 1998) [claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether such an award is discretionary or mandatory if attorneys' fees are recoverable by statutory

authority]). Here, Plaintiff's First, Second, Third and Fifth Causes of Action provide for the imposition of attorneys' fee pursuant to statutory authority. It is therefore more than likely that Plaintiff will seek more than $75,000.00 related to his attorneys' fees from case inception through trial.

22. Pursuant to 28 U.S.C. §§ 1332 and 1441(a), this state court action may be removed to the United States District Court for the Eastern District of California in that it is more than likely that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and there was at the time this action was filed, and there is now, diversity of citizenship between Plaintiff and Defendant.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Superior Court for the State of California, County of Yolo.

DATE:  August 10, 2022                             FISHER & PHILLIPS LLP


By:/s/ *Gregory L. Blueford*
Todd B. Scherwin
Gregory L. Blueford

Attorneys for Defendant
PAVESTONE, LLC