1  Todd B. Scherwin (SBN 239848)
   E-Mail: tscherwin@fisherphillips.com
2  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
3  Los Angeles, CA 90071
   Telephone (213) 330-1500
4  Facsimile (213) 330-1501

5  Gregory L. Blueford (SBN 302628)
   E-Mail: gblueford@fisherphillips.com
6  FISHER & PHILLIPS LLP
   621 Capitol Mall, Suite 1400
7  Sacramento, California 95814
   Telephone: (916) 210-0400
8  Facsimile: (916) 210-0401

9  Attorneys for Defendant
   PAVESTONE, LLC

10

11             UNITED STATES DISTRICT COURT

12             EASTERN DISTRICT OF CALIFORNIA

13

14 JORGE LUIS JARAMILLO LOPEZ, an        Case No:
   individual,
15                                        *[Originally Yolo Superior Court Case No.
                    Plaintiff,            CV2022-1135]*
16
        vs.                              **DECLARATION OF GREGORY L.
17                                        BLUEFORD IN SUPPORT OF DEFENDANT
   PAVESTONE, LLC, a corporation; and DOES PAVESTONE, LLC'S NOTICE OF
18 1 through 50, inclusive,              REMOVAL OF ACTION PURSUANT TO 28
                                          U.S.C. §§ 1332, 1441 and 1446**
19                  Defendant.
20                                        Complaint Filed: July 6, 2022

21

22

23

24

25

26

27

28

## DECLARATION OF GREGORY L. BLUEFORD

I, GREGORY L. BLUEFORD, hereby declare and state as follows:

1.     I am an attorney at law duly licensed to practice in the State of California and before this Court. I am an associate with Fisher & Phillips LLP, counsel of record for Defendant PAVESTONE, LLC. ("Defendant") in this case and make this Declaration in support of Defendant's Notice of Removal of Action. All of the information set forth herein is based on my personal and first-hand knowledge except where indicated, and if called and sworn as a witness, I could and would testify competently thereto.

2.     On July 6, 2022, Plaintiff Jorge Luis Jaramillo Lopez ("Plaintiff") filed a Complaint in the Superior Court of the State of California in and for the County of Yolo styled *Jorge Luis Jaramillo Lopez v. Pavestone, LLC, a corporation, and Does 1-50, inclusive*, Case No. CV2022-1135. In the Complaint, Plaintiff alleges six causes of action for: (1) Violation of Labor Code section 233; (2) Violation of the California Family Rights Act ("CFRA"); (3) Wrongful Termination in Violation of Public Policy; (4) Violation of Labor Code section 203; (5) Failure to Provide Employment Records in Violation of Labor Code section 226 and 1198.5, and; (6) Violation of Business & Professions Code section 17200 et seq.

3.     On or about July 12, 2022, Plaintiff served on Defendant a copy of the Summons and Complaint, Civil Case Cover Sheet and Notice of Case Management. A true and correct copy of the papers served on Defendants are attached hereto as **Exhibit A**.

4.     Defendant submitted for filing on August 10, 2022, an Answer to the Complaint filed in Yolo County Superior Court asserting general denials and appropriate affirmative defenses. A true and correct copy of the Answer is attached hereto as **Exhibit B**.

///
///
///
///
///
///

DECLARATION OF GREGORY L. BLUEFORD IN SUPPORT OF DEFENDANT PAVESTONE, LLC'S
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446

1      5.      As of the date of this Removal, I am not aware of any other process, pleadings, and/or

2   orders have been served upon Defendant in this case.

3          I declare under penalty of perjury under the laws of the State of California and the United States

4   of America that the foregoing is true and correct.

5          Executed on August 10, 2022, at Sacramento, California.

6                                                   */s/ Gregory L. Blueford*
                                                    GREGORY L. BLUEFORD
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EXHIBIT A

# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Pavestone, LLC
Courtney Hull Corporate Paralegal
The Quikrete Companies, LLC
5 Concourse Parkway Suite 1900
Atlanta GA 30328

07/13/2022

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Item: 2022-227

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| 1. | **Entity Served:** | Pavestone, LLC |
|----|----|----|
| 2. | **Title of Action:** | Jorge Luis Jaramillo Lopez vs. Pavestone, LLC, etc. |
| 3. | **Document(s) Served:** | Summons<br>Compliant for Damages For: 1. Violation of Labor Code 233 2., etc.<br>Exhibit "1"<br>Verification |
| 4. | **Court/Agency:** | Yolo County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | CV2022-1135 |
| 7. | **Case Type:** | Violation of Labor Code |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 07/12/2022 |
| 10. | **Date to Client:** | Wednesday 07/13/2022 |
| 11. | **# Days When Answer Due: Answer Due Date:** | 30<br>Thursday 08/11/2022 | <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Eric B. Kingsley<br>Encino, CA<br>818-990-8300 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Also Attached:<br>* Civil Case Cover Sheet Unlimited<br>* Instruction on How to Complete the Cover Sheet, etc. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PAVESTONE, LLC, a corporation; and DOES 1 thru 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JORGE LUIS JARAMILLO LOPEZ, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
7/7/2022
By: L. Ramos-Casanova, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 dias, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of the State of California for the County of Yolo - Main Courthouse<br>1000 Main Street, Woodland, CA 95695 | CASE NUMBER: *(Número del Caso):*<br>CV2022-1135 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):* KINGSLEY & KINGSLEY, APC
ERIC B. KINGSLEY, Esq. (SBN 185123), eric@kingsleykingsley.com; LIANE KATZENSTEIN LY, Esq (SBN 259230); liane@kingsleykingsley.com; JESSICA L. ADLOUNI, Esq (SBN 328571); jessica@kingsleykingsley.com, 16133 Ventura Blvd., Suite 1200, Encino, CA 91436; Tel: (818) 990-8300, Fax: (818) 990-2903

| DATE:<br>*(Fecha)* 7/7/2022 | SHAWN C. LANDRY | Clerk, by<br>*(Secretario)* /s/ L. Ramos-Casanova | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* **Pavestone, LLC, a corporation**

   under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
LIANE KATZENSTEIN LY, Esq., Cal. Bar No. 259230
liane@kingsleykingsley.com
JESSICA L. ADLOUNI, Esq., Cal Bar No. 328571
jessica@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

Attorneys for Plaintiff

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 7/6/2022 11:22 AM
By: L. Ramos-Casanova, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF YOLO

JORGE LUIS JARAMILLO LOPEZ,

          PLAINTIFF, an individual,

   v.

PAVESTONE, LLC, a corporation; and
DOES 1 thru 50, inclusive,

        DEFENDANT.

CASE NO. CV2022-1135

**COMPLAINT FOR DAMAGES FOR:**

1. Violation of Labor Code § 233
2. Violation of CFRA (Gov. Code § 12945.2)
3. Wrongful Termination In Violation of Public Policy
4. Penalties Pursuant to Labor Code § 203
5. Failure To Provide Employment Records Violation Of Labor Code §§ 226 And 1198.5
6. Violation of Business & Professions Code § 17200 *et seq.*

Plaintiff JORGE LUIS JARAMILLO LOPEZ ("Plaintiff"), on behalf of himself individually, complains of Defendant PAVESTONE, LLC ("Defendant") as follows:

# I.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over all causes of action asserted herein pursuant to Article VI, § 10 of the California Constitution and California Code of Civil Procedure § 410.10 by virtue of the fact that this is a civil action in which the matter in controversy, exclusive of interest, exceeds $25,000, and because each cause of action asserted arises under the laws of the State of California or is subject to adjudication in the courts of the State of California.

2. This Court has personal jurisdiction over Defendant because Defendant has caused injuries in the County of Yolo and the State of California through its acts, and by its violation of the California Labor Code, California state common law, and California Business & Professions Code § 17200, *et seq.*

3. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395. Defendant operates within California and does business within Yolo County. The unlawful acts alleged herein have a direct effect on Plaintiff within the State of California and the county of Yolo.

# II.

## PARTIES

**A.     PLAINTIFF**

4. Plaintiff JORGE LUIS JARAMILLO LOPEZ is a resident of California.

5. Plaintiff, and at all times pertinent hereto, was employed by Defendant as a non-exempt employee.

6. Upon information and belief, Plaintiff is covered by California Industrial Welfare Commission Occupational Wage Order No. 1-2001 (Title 8 Cal. Code of Regs. § 11010).

**B.     DEFENDANTS**

7. Defendant PAVESTONE, LLC is a Delaware corporation operating within the State of California including in the County of Yolo. Defendant's corporate address is 5 Concourse

**COMPLAINT FOR DAMAGES**

Parkway Suite 1900 Atlanta, GA 30328. Defendant's California address is 27600 Country Road 90 Winters, CA 95674.

8.    Defendant has done and does business throughout the State of California.

9.    Defendant employed Plaintiff within California. The violations alleged herein arose in the County of Yolo, California.

10.    At all times set forth herein, Defendant has employed five (5) or more employees and is an "employer" as defined by Government Code §§ 12926(d) and 12945.2(b)(3)(A), and subject to the provisions of the Fair Employment and Housing Act ("FEHA") and other applicable laws.

11.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 50, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

12.    Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

13.    Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, spouse, partner, alter-ego, joint-venturer, and/or joint-employer of each of the other Defendant named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of the Defendants acted within the scope of their relationship with and with the permission, consent, and ratification of each of the other Defendants named herein. Furthermore, Defendants acted in all respects as the employers or joint employers. Defendants, and each of them, exercised control over the wages, hours or working conditions of Plaintiff, or suffered or permitted Plaintiff to work, or engaged Plaintiff, thereby creating a common law employment relationship, with Plaintiff. Therefore, Defendants, and each

of them, employed or jointly employed Plaintiff.

14.     Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff.

## III.

### EXHAUSTION OF REMEDIES

15.     On June 30, 2022 Plaintiff filed a timely complaint with the California Department of Fair Employment and Housing ("DFEH") against Defendant, regarding the factual allegations and causes of action in this Complaint. Thereafter, Plaintiff received a Right to Sue notice from the DFEH. (See Exhibit "1".)

## IV.

### FACTUAL BACKGROUND

16.     Plaintiff worked for Defendant from approximately November 16, 2004 to January 7, 2022. At all relevant times, Plaintiff was a qualified, non-exempt employee.

17.     At all relevant times, Plaintiff was a non-exempt employee covered by California Industrial Welfare Commission Occupational Wage Order No. 1-2001 (Title 8 Cal. Code of Regs. § 11010).

18.     Plaintiff earned $23.87 per hour at the time of termination.

19.     Defendant employed Plaintiff as a Production Operator and supervisor.

20.     On or around December 20, 2021, Plaintiff took vacation to travel to Mexico. Plaintiff was due to return to work on approximately January 3, 2022.

21.     During his vacation, he started feeling ill and experiencing back pain and headaches. On January 2, 2022, he tested positive for coronavirus and was thus unable to travel back to California. During his illness, Plaintiff saw a health care provider twice and was prescribed medication.

22.     Plaintiff's coronavirus constituted a serious health condition under the California

Family Rights Act ("CFRA"), Government Code § 12945.2.

23. On January 4, 2022, Manager Daniel Gomez called Plaintiff and told him that if he did not show up to work on January 6, 2022, he would be terminated. Plaintiff called Manager Gomez and informed him he could not travel because he was sick and had to stay in Mexico for two more weeks. Manager Gomez said no and terminated Plaintiff.

24. Plaintiff had accrued and available sick leave, but Defendant had denied his right to take sick leave and terminated him for attempting to exercise his right to sick leave.

25. Defendant also failed to grant leave, denying the exercise of, or attempt to exercise, rights provided to Plaintiff under the CFRA, Government Code § 12945.2.

26. Defendant wrongfully terminated Plaintiff.

27. Approximately one month later, a Human Resources employee called and asked Plaintiff about his final check. Plaintiff informed HR that he had had COVID and when she asked if he had proof, offered to send her a copy of his test results. She declined.

28. Defendant willfully failed to pay all wages due to Plaintiff at the time of termination. This failure was willful, without legal justification, and interfered with Plaintiff's rights.

29. Defendant willfully failed to provide Plaintiff with his personnel file and pay data after Plaintiff sent written requests for copies of his personnel file and his pay records. Defendant failed to respond and thus refused to comply with this request in violation of Labor Code §§ 226 and 1198.5. Plaintiff is seeking penalties and injunctive relief.

30. Plaintiff brings this action pursuant to Labor Code §§ 201, 202, 203, 226, 233, and 1198.5; and Wage Order No. 1-2001 (Title 8 Cal. Code of Regs. § 11010), seeking reinstatement, actual damages, penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs.

31. Plaintiff also brings this action pursuant to Gov. Code § 12945.2.

32. Plaintiff, on behalf of himself, pursuant to Business & Professions Code §§ 17200-17208, also seeks injunctive relief, restitution, and disgorgement of all benefits Defendant enjoyed from its unlawful conduct as described herein.

COMPLAINT FOR DAMAGES

## V.

## FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 233

33.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though set forth in full herein.

34.     Labor Code § 233(a) provides: "Any employer who provides sick leave for employees shall permit an employee to use in any calendar year the employee's accrued and available sick leave entitlement, in an amount not less than the sick leave that would be accrued during six months at the employee's then current rate of entitlement, for the reasons specified in subdivision (a) of Section 246.5. The designation of sick leave taken for these reasons shall be made at the sole discretion of the employee."

35.     Labor Code § 246.5(a) provides: "Upon the oral or written request of an employee, an employer shall provide paid sick days for the following purposes: (1) Diagnosis, care, or treatment of an existing health condition of, or preventive care for, an employee or an employee's family member."

36.     Labor Code § 233(c) provides that "[a]n employer shall not deny an employee the right to use sick leave or discharge, threaten to discharge, demote, suspend, or in any manner discriminate against an employee for using, or attempting to exercise the right to use, sick leave to attend to an illness . . . or for any other reason specified in subdivision (a) of Section 246.5." (See also Lab. Code, § 246.5(c).)

37.     Plaintiff had accrued and available sick leave. However, Defendant denied his right to paid sick leave in January 2022, as described above, and terminated him for attempting to exercise his right to sick leave.

38.     The aforementioned acts of Defendant were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendant, or with the express knowledge, consent, and ratification of managerial employees of Defendant, and thereby

1  justify the awarding of punitive and exemplary damages in an amount to be determined at the
2  time of trial.

3      39.     An "employee aggrieved by a violation of this section shall be entitled to
4  reinstatement and actual damages or one day's pay, whichever is greater, and to appropriate
5  equitable relief. (Lab. Code, § 233(d).) The court may award reasonable attorney's fees to a
6  prevailing employee. (Lab. Code, § 233(e).)

## VI.

### SECOND CAUSE OF ACTION

### VIOLATION OF CFRA (GOV. CODE § 12945.2)

10     40.     Plaintiff realleges and incorporates by reference all preceding paragraphs as
11 though set forth in full herein.

12     41.     Upon information and belief, Plaintiff was eligible for leave for his own serious
13 health condition, coronavirus, under the CFRA.

14     42.     It is unlawful for an employer to refuse to grant an employee's request for leave
15 for his own serious health condition that made him unable to perform the functions of his
16 position at that time. (Gov. Code § 12945.2(a),(b)(4)(C).)

17     43.     The CFRA also prohibits an employer from interfering with, restraining, or
18 denying the exercise of, or attempt to exercise, any rights under CFRA. (Gov. Code §
19 12945.2(q).)

20     44.     Plaintiff requested leave for his own serious health condition that made him
21 unable to perform the functions of his job with Defendant.

22     45.     Plaintiff provided reasonable notice to Defendant under the circumstances,
23 including its expected length.

24     46.     Defendant refused to grant Plaintiff's request for leave, and instead terminated
25 him.

26     47.     As a direct and proximate cause of Defendant's wrongful conduct, Plaintiff has
27 suffered, and will continue to suffer, substantial losses in earnings and other employment
28 benefits in an amount within the jurisdiction of this court, according to proof at the time of trial.

48. As a further direct and legal result of Defendant's conduct, Plaintiff has been caused to, and did suffer, and continues to suffer severe emotional and mental distress and anguish, humiliation, embarrassment, anger, shock, pain, discomfort, and anxiety, the extent of which is not fully known at this time, and the amount of damages caused thereby is not yet fully ascertained, the precise amount to be proven at the time of trial.

49. The aforementioned acts of Defendant were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendant, or with the express knowledge, consent, and ratification of managerial employees of Defendant, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

50. Defendant's actions were a substantial factor in causing Plaintiff's harm.

51. In addition, pursuant to Government Code § 12965(c)(6), Plaintiff is entitled to attorneys' fees in prosecuting this lawsuit.

## VII.

## THIRD CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as though set forth in full herein.

53. Jurisdiction is invoked pursuant to the public policy and common law of the State of California, pursuant to *Tameny v. Atlantic Richfield Company*, 27 Cal. 3d 167 (1980).

54. Plaintiff's termination was wrongful in that it violated the fundamental public policies of California that prohibit discrimination for exercising, or attempting to exercise, the right to sick leave and leave for a serious health condition, as expressed in Labor Code §§ 233 and 246.5 and Government Code § 12945.2. Defendant discharged Plaintiff in violation of these public policies.

55. Additionally, as expressed in federal, state, and local public health orders and guidance in effect at the relevant time, it is a fundamental public policy of the State of California

to preserve public health and safety at all times, and especially during the coronavirus pandemic. Defendant's denial of Plaintiff's attempted use of sick leave and subsequent termination for such attempt is in violation of these public policies.

56.     As a direct and proximate cause of his wrongful discharge, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

57.     As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and embarrassment, all in an amount subject to proof at the time of trial.

58.     The aforementioned acts of Defendant were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendant, or with the express knowledge, consent, and ratification of managerial employees of Defendant, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## VIII.

### FOURTH CAUSE OF ACTION

### PENALTIES PURSUANT TO LABOR CODE § 203

59.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though set forth in full herein.

60.     Plaintiff is no longer employed by Defendant.

61.     Defendant's failure to pay wages at the time of termination, as alleged above was willful in that Defendant knew wages to be due but failed to pay them, thus entitling Plaintiff to penalties under Labor Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

62.     Defendant has failed to pay Plaintiff a sum certain at the time of termination and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor

Code § 203, Plaintiff is entitled to a penalty in the amount of Plaintiff's daily wage multiplied by thirty (30) days.

IX.

**FIFTH CAUSE OF ACTION**

**FAILURE TO PROVIDE EMPLOYMENT RECORDS VIOLATION OF LABOR CODE**

**§§ 226 AND 1198.5**

63.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though set forth in full herein.

64.     On April 8, 2022, Plaintiff mailed to Defendant his first written request to his employer, Defendant, to receive a copy of his personnel file and payroll records. The letter cited Labor Code §§ 226 and 1198.5.

65.     Defendant did not provide the documentation requested by Plaintiff within the statutory time frames causing Plaintiff to mail a second written request to Defendant on May 12, 2022. Plaintiff received a returned certified mail receipt, albeit unsigned, on May 19, 2022.

66.     Defendant did not provide the documentation requested by Plaintiff in his second written request.

67.     On June 9, 2022, Plaintiff mailed a third written request to Defendant to receive a copy of his personnel file and payroll records within fifteen days of the date of the request.

68.     Defendant did not provide the documentation requested by Plaintiff in his third written request until June 29, 2022.

69.     Labor Code § 226(f) provides that "[a] failure by an employer to permit a current or former employee to inspect or copy records within the. . ." statutory time frame ". . . entitles the current or former employee . . . to recover a seven-hundred-fifty-dollar ($750) penalty from the employer."

70.     Additionally, Labor Code § 226(h) permits an employee to bring an action for injunctive relief to ensure compliance with Labor Code § 226 and states that employee is entitled to an award of costs and reasonable attorney's fees.

71.     Labor Code § 1198.5(a) states: "Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee."

72.     Labor Code § 1198.5(k) provides that if an employer fails to permit an inspection or fails to permit an employee to copy personnel records within the times specified, the current or former employee may recover a penalty of seven hundred fifty dollars ($750) from the employer.

73.     Additionally, Labor Code § 1198.5(l) permits an employee to bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action.

74.     As such, Defendant has violated Labor Code §§ 226 and 1198.5 and Plaintiff is entitled to production of the documents requested, penalties, and attorney's fees and costs.

## X.

## SIXTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.

75.     Plaintiff realleges and incorporates by reference all preceding paragraphs as though set forth in full herein.

76.     California Business & Professions Code § 17200 et seq. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful and unfair business acts or practices.

77.     Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

78.     Plaintiff, on behalf of himself and the general public, brings this claim pursuant to Business & Professions Code § 17200, et seq. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff and the general

public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

79.     California's wage and hour laws and protections for the payment of earned wages, and the right to seek legal redress for wage violations, express fundamental public policies. Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

80.     Defendant has violated statutes and public policies as alleged herein. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, *et seq.*, depriving Plaintiff and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

81.     Defendant's conduct, as alleged hereinabove, constitutes unfair competition in violation of § 17200, *et seq.* of the Business & Professions Code.

82.     Defendant, by engaging in the conduct herein alleged, either knew, or in the exercise of reasonable care, should have known that the conduct was and is unlawful. As such it is a violation of § 17200, *et seq.* of the Business & Professions Code.

83.     As a proximate result of the above-mentioned acts of Defendant, Plaintiff has been damaged, including suffering a loss of money, in a sum as may be proven.

84.     Plaintiff seeks an order of this court awarding restitution, injunctive relief, and all other legal and equitable relief allowed under Business & Professions Code § 17200 *et seq.*, plus interest, attorneys' fees and costs pursuant to, inter alia, Code of Civil Procedure § 1021.5.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff seeks judgement against Defendant and prays for the following

relief:

  a. For general, special, and compensatory damages, according to proof;

  b. For punitive and exemplary damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct, according to proof;

  c. Plaintiff requests penalties pursuant to Labor Code §§ 226(f) and 1198.5(k) for violation of Labor Code §§ 226 and 1998.5;

  d. For actual damages or one day's pay, whichever is greater, and equitable relief pursuant to Labor code § 233(d);

  e. For penalties pursuant to Labor Code § 203 equal to Plaintiff's daily wages times thirty (30) days;

  f. For restitution for unfair competition pursuant to Business & Professions Code §17200, et seq., including disgorgement or profits, in an amount as may be proven;

  g. An award of prejudgment and post judgment interest;

  h. An award providing for payment of costs of suit;

  i. An award of attorneys' fees and costs; and

  j. Such other and further relief as this Court may deem proper and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.


DATED: July 5, 2022       KINGSLEY & KINGSLEY, APC

            By: _____
            Jessica Adlouni
            Attorneys for Plaintiff

**COMPLAINT FOR DAMAGES**

EXHIBIT "1"



## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 30, 2022

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202206-17458730
Right to Sue: Jaramillo Lopez / Pavestone, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation. The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing



**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

June 30, 2022

Jorge Jaramillo Lopez
c/o Kingsley & Kingsley, APC 16133 Ventura Boulevard Suite 1200
Encino, CA 91436

RE: **Notice of Case Closure and Right to Sue**
    DFEH Matter Number: 202206-17458730
    Right to Sue: Jaramillo Lopez / Pavestone, LLC

Dear Jorge Jaramillo Lopez:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective June 30, 2022 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact DFEH's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Jorge Jaramillo Lopez

DFEH No. 202206-17458730

Complainant,

vs.

Pavestone, LLC
27600 Country Road 90
Winters, CA 95674

Respondents

---

**1.** Respondent **Pavestone, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Jorge Jaramillo Lopez**, resides in the City of **Encino,** State of **CA.**

**3.** Complainant alleges that on or about **January 7, 2022**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) and as a result of the discrimination was terminated, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used family care or medical leave (cfra) and as a result was terminated, denied family care or medical leave (cfra).

**Additional Complaint Details:** Jorge Luis Jaramillo Lopez was a qualified employee of Pavestone, LLC from approximately November 16, 2004 to January 7, 2022. At all relevant times, Pavestone, LLC has employed more than 5 people. On or around December 20, 2021, Mr. Lopez took vacation to travel to Mexico. Mr. Lopez was due to return to work on

-1-

Date Filed: June 30, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1  approximately January 3, 2022. During his vacation, he started feeling ill and experiencing back pain and headaches. On January 2, 2022, he tested positive for coronavirus and was

2  thus unable to travel back to California. During his illness, Mr. Lopez saw a health care provider twice and was prescribed medication. Mr. Lopez's coronavirus constituted a serious

3  health condition under the California Family Rights Act ("CFRA"), Government Code § 12945.2. On January 4, 2022, Manager Daniel Gomez called Mr. Lopez and told him that if

4  he did not show up to work on January 6, 2022, he would be terminated. Mr. Lopez called Manager Gomez and informed him he could not travel because he was sick and had to stay

5  in Mexico for two more weeks. Manager Gomez said no and terminated Plaintiff. Defendant failed to grant leave, denying the exercise of, or attempt to exercise, rights provided to Mr.

6  Lopez under the CFRA, Government Code § 12945.2.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

-2-

*Complaint – DFEH No. 202206-17458730*

27

Date Filed: June 30, 2022

28

Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Jessica Adlouni**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On June 30, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Lemoore, CA**

-3-
*Complaint – DFEH No. 202206-17458730*

Date Filed: June 30, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| KINGSLEY & KINGSLEY, APC<br>ERIC B. KINGSLEY, Esq. (SBN 185123); eric@kingsleykingsley.com<br>LIANE KATZENSTEIN LY, Esq. (SBN 259230); liane@kingsleykingsley.com<br>JESSICA L. ADLOUNI, Esq. (SBN 328571); jessica@kingsleykingsley.com<br>16133 Ventura Blvd., Suite 1200, Encino, CA 91436<br>TELEPHONE NO.: 818-990-8300     FAX NO. *(Optional)*: 818-990-2903 | |

E-MAIL ADDRESS:

ATTORNEY FOR *(Name):* JORGE LUIS JARAMILLO LOPEZ, PLAINTIFF, AN INDIVIDUAL

SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO
STREET ADDRESS: 1000 MAIN STREET
MAILING ADDRESS:
CITY AND ZIP CODE: WOODLAND, CA 95695
BRANCH NAME: MAIN COURTHOUSE

ELECTRONICALLY FILED
by Superior Court of CA,
County of Yolo,
on 7/6/2022 11:22 AM
By: L. Ramos-Casanova, Deputy

CASE NAME:
JORGE LUIS JARAMILLO LOPEZ V. PAVESTONE, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CV2022-1135 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000)    [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* SIX (6)
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 5, 2022

Jessica L. Adlouni
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF YOLO**<br>1000 MAIN STREET<br>WOODLAND, CA. 95695<br>530-406-6704 | *For Court Use*<br><br>ELECTRONICALLY FILED<br>by Superior Court of CA,<br>County of Yolo, |
| Jorge Luis Jaramillo Lopez, an individual<br><br>　　　　　Plaintiff,<br><br>　vs. | on 7/6/2022 11:22 AM<br>By: L. Ramos-Casanova, Deputy |
| Pavestone, LLC　　Defendant | **Case**　CV2022-1135 |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | |

NOTICE TO ALL APPEARING PARTIES AND THEIR ATTORNEYS:

Notice is hereby given that the above-entitled action has been set for a Case Management
Conference on ___10/31/2022___ at ___9:00 AM___ in Department ___TBD___.

The plaintiff shall serve the Notice of Case Management Conference on each defendant with the complaint.

You must file a Case Management Statement 15 days prior to the above date.

Date: 7/06/2022

　　　　　　　　　　SHAWN C. LANDRY, COURT EXECUTIVE OFFICER

　　　　　　　　　　　/s/ L. Ramos-Casanova
　　　　　　　　　　─────────────────────────
　　　　　　　　　　　L. Ramos-Casanova , Deputy Clerk

YOCV0142

8/6/2020

JUL 1 2 2022

Pavestone, LLC
Courtney Hull Corporate Paralegal
The Quikrete Companies, LLC
5 Concourse Parkway Suite 1900
Atlanta GA 30328

07/20/2022

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2022-235

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Pavestone, LLC |
| 2. | **Title of Action:** | Jorge Luis Jatamillo Lopez vs. Pavestone, LLC., etc., et al. |
| 3. | **Document(s) Served:** | Notice of Serving Court's Notice of Case Management Confrence<br>Exhibit 1 |
| 4. | **Court/Agency:** | Yolo County Superior Court |
| 5. | **State Served:** | California |
| 6. | **Case Number:** | CV2022-1135 |
| 7. | **Case Type:** | |
| 8. | **Method of Service:** | Regular Mail |
| 9. | **Date Received:** | Tuesday 07/19/2022 |
| 10. | **Date to Client:** | Wednesday 07/20/2022 |
| 11. | **# Days When Answer Due: Answer Due Date:** | See Notes — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Kingsley & Kingsley, APC<br>Encino, CA<br>818-990-8300 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 051 |
| 16. | **Notes:** | Please review the enclosed documents in order to calculate the response due date. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

1  **KINGSLEY & KINGSLEY, APC**
   ERIC B. KINGSLEY, Esq. (SBN 185123)
2  eric@kingsleykingsley.com
   LIANE KATZENSTEIN LY, Esq. (SBN 259230)
3  liane@kingsleykingsley.com
   JESSICA L. ADLOUNI, Esq. (SBN 328571)
4  jessica@kingsleykingsley.com
   16133 Ventura Blvd., Suite 1200
5  Encino, CA 91436
   Tel: (818) 990-8300
6  Fax (818) 990-2903

7
   Attorneys for Plaintiff
8

9                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10
                        **FOR THE COUNTY OF YOLO**
11
   JORGE LUIS JARAMILLO LOPEZ,          |  CASE NO.  CV2022-1135
12
                  PLAINTIFF, an individual,
13
          v.                               **NOTICE OF SERVING COURT'S NOTICE**
14                                         **OF CASE MANAGEMENT CONFERENCE**

   PAVESTONE, LLC, a corporation; and
15 DOES 1 thru 50, inclusive,
                                          Date:   October 31, 2022
16            DEFENDANTS.                 Time:   9:00 AM
                                          Dept.:  TBD
17

18

19

20

21

22

23

24

25

26

27

28

                                        1
       **NOTICE OF SERVING COURT'S NOTICE OF CASE MANAGEMENT CONFERENCE**

1    **PLEASE TAKE NOTICE** that the above-entitled case is set for Case Management

2    Conference on October 31, 2022 at 9:00 AM at the above-entitled court located at 1000 Main

3    Street, Woodland, CA 95695. Department is to be determined later. The Parties must file and serve

4    a Case Management Statement at least fifteen (15) days prior to the Case Management Conference.

5    Plaintiff was ordered to give notice and hereby attaches as Exhibit "1" a true and correct

6    copy of the Court's Notice of Case Management Conference.

7

8    DATED: July 11, 2022                    KINGSLEY & KINGSLEY, APC

9

10

11                                          By: _____

12                                          Jessica Adlouni
                                            Attorneys for Plaintiff Jorge Luis Jaramillo Lopez
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF SERVING COURT'S NOTICE OF CASE MANAGEMENT CONFERENCE

# EXHIBIT "1"

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF YOLO<br>1000 MAIN STREET<br>WOODLAND, CA. 95695<br>530-406-6704 | *For Court Use*<br><br>ELECTRONICALLY FILED<br>by Superior Court of CA, |
|---|---|
| Jorge Luis Jaramillo Lopez, an individual<br><br>Plaintiff, | County of Yolo,<br>on 7/6/2022 11:22 AM<br>By: L. Ramos-Casanova, Deputy |
| vs.<br><br>Defendant<br>Pavestone, LLC | **Case**  CV2022-1135 |

### NOTICE OF CASE MANAGEMENT CONFERENCE

NOTICE TO ALL APPEARING PARTIES AND THEIR ATTORNEYS:

Notice is hereby given that the above-entitled action has been set for a Case Management Conference on ___10/31/2022___ at ___9:00 AM___ in Department ___TBD___.

The plaintiff shall serve the Notice of Case Management Conference on each defendant with the complaint.

You must file a Case Management Statement 15 days prior to the above date.

Date: 7/06/2022

SHAWN C. LANDRY, COURT EXECUTIVE OFFICER

/s/ L. Ramos-Casanova

L. Ramos-Casanova , Deputy Clerk

**(PROOF OF SERVICE)**
**[CCP 1013(a)(3)]**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 16133 Ventura Boulevard, Suite 1200, Encino, California 91436.

On July 11, 2022, I served all interested parties in this action the following documents described as: **NOTICE OF SERVING COURT'S NOTICE OF CASE MANAGEMENT CONFERENCE** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**Pavestone LLC**
C/O Agent for Service of Process
**Corporate Creations Network Inc.**
4640 Admiralty Way, 5th Floor
Marina Del Rey, CA 90292

**[XX]** **(BY MAIL)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage fully prepaid at Encino, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**[ ]** **BY ELECTRONIC MAIL TRANSMISSION:** I caused the document to be send to the persons at the e-mail address(es) listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. A pdf copy of which was sent via email to the below email address(es).

**[XX]** **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 11, 2022, at Encino, California.

_____
Michelle Tanzer

JUL 1 9 2022

# EXHIBIT B

# EXHIBIT B

1  Todd B. Scherwin (SBN 239848)
   E-Mail:  tscherwin@fisherphillips.com
2  FISHER & PHILLIPS LLP
   444 South Flower Street, Suite 1500
3  Los Angeles, CA 90071
   Telephone (213) 330-1500
4  Facsimile (213) 330-1501

5  Gregory L. Blueford (SBN 302628)
   E-Mail:  gblueford@fisherphillips.com
6  FISHER & PHILLIPS LLP
   621 Capitol Mall, Suite 1400
7  Sacramento, California 95814
   Telephone: (916) 210-0400
8  Facsimile:  (916) 210-0401

9  Attorneys for Defendant
   PAVESTONE, LLC

10

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                     FOR THE COUNTY OF YOLO

13

14  JORGE LUIS JARAMILLO LOPEZ, an          CASE NO.:   CV2022-1135
    individual,
15                                          *Assigned for all purposes to the*
                    Plaintiff,              *Honorable Daniel M. Wolk, Dept. 9*
16
         vs.                                **DEFENDANT PAVESTONE, LLC'S ANSWER
17                                          AND AFFIRMATIVE DEFENSES TO
    PAVESTONE, LLC, a corporation; and DOES  PLAINTIFF'S COMPLAINT FOR DAMAGES**
18  1 through 50, inclusive,

19                  Defendant.

20                                          Complaint Filed: July 6, 2022

21

22

23

24

25

26

27

28

Defendant PAVESTONE, LLC ("Defendant") hereby answers Plaintiff JORGE LUIS JARAMILLO LOPEZ ("Plaintiff") unverified Complaint for Damages, without waiving their right to remove this case to federal court, as follows:

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in Plaintiff's unverified Complaint.

## AFFIRMATIVE DEFENSES

By way of affirmative defenses to the allegations of the Complaint herein, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff's complaint, and each and every cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's complaint, and each and every cause of action therein, is barred by the applicable statute of limitations, including, but not limited to, Code of Civil Procedure sections 335.1 and 340, subdivision (a), and California Government Code sections 12960 and 12965 to the extent to Plaintiff's administrative complain lacks the necessary "particulars" required.

## THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff is estopped by his conduct from recovering any relief sought in the complaint, or in any purported cause of action alleged therein.

## FOURTH AFFIRMATIVE DEFENSE

4.     By his conduct, Plaintiff has waived any right to recover any relief sought in the complaint, or in any purported cause of action alleged therein.

## FIFTH AFFIRMATIVE DEFENSE

5.     Plaintiff's claims are barred by the doctrine of unclean hands.

///

///

///

DEFENDANT PAVESTONE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DAMAGES

## SIXTH AFFIRMATIVE DEFENSE

6.     To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

## EIGHTH AFFIRMATIVE DEFENSE

8.     There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendant of which Plaintiff complains.

## NINTH AFFIRMATIVE DEFENSE

9.     Even if there was discrimination against Plaintiff (which Defendant denies), Plaintiff would have been terminated anyway.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff failed to cooperate in the process of reasonable accommodation.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiff was paid all wages due him on a timely basis.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims for waiting time penalties pursuant to Labor Code section 203 are barred because Defendant did not willfully withhold wages over which there was no good faith dispute and in fact, acted at all times with the good faith belief that Plaintiff was compensated as required by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     At all times Defendant was acting in good faith and had reasonable grounds for believing that its method of compensating Plaintiff was lawful.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Any recovery on Plaintiff's complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff is not entitled to recover punitive or exemplary damages from Defendant on the grounds that any award of punitive or exemplary damages would violate Defendant's constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's complaint, and each and every cause of action therein, is barred in whole or in part because the accommodation sought by Plaintiff for his alleged disability or medical condition would impose an undue hardship on Defendant and would negatively impact Defendant's business.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's complaint, and each and every cause of action therein, is barred in whole or in part because the accommodation sought by Plaintiff for his alleged disability or medical condition was not reasonable and/or Plaintiff's failed to take appropriate steps of his own in response to his disability or medical condition.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's complaint, and each and every cause of action therein, is barred in whole or in part because Plaintiff failed to take reasonable steps to notify Defendant of his need for an accommodation.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's complaint, and each and every cause of action therein, is barred in whole or in part by the applicable statute of limitations, including without limitation California Business and Professions Code section 17208.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to assert such a cause of action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Without admitting the allegations of the Complaint, Defendant alleges Plaintiff's purported Sixth Cause of Action is barred in that the alleged practices are not unfair, the public is not

likely to be deceived by any alleged practices, Defendant gained no competitive advantage by such practices, and/or the benefits of the alleged practices outweigh any harm or other impact they may cause.

## **TWENTY-SECOND AFFIRMATIVE DEFENSE**

22.     Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the within action.  Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

## **PRAYER FOR RELIEF**

WHEREFORE, this answering Defendant prays as follows:

1.     That Plaintiff take nothing by his complaint for damages;

2.     That Plaintiff's complaint herein be dismissed in its entirety with prejudice;

3.     That Defendant recover its costs of suit herein, including its reasonable attorneys' fees; and

4.     That the court award such other and further relief as it deems appropriate.


DATE:  August 10, 2022                              FISHER & PHILLIPS LLP


By: _____
    Todd B. Scherwin
    Gregory L. Blueford

    Attorneys for Defendant
    PAVESTONE, LLC

DEFENDANT PAVESTONE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT FOR DAMAGES

FP 44844083.1

**PROOF OF SERVICE**
**(CCP § 1013(a) and 2015.5)**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Sacramento with the law offices of Fisher & Phillips LLP and its business address is 621 Capitol Mall, Suite 1400, Sacramento, California 95814.

On **August 10, 2022**, I served the foregoing document(s) **DEFENDANT PAVESTONE, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES** on the person(s) listed below as follows:

Eric B. Kingsley.                              *Attorneys for Plaintiff*
Liane Katzenstein Ly                           *JORGE LUIS JARAMILLO LOPEZ*
Jessica L Adlouni.
KINGSLEY & KINGSLEY, APC          Emails: eric@kingsleykingsley.com;
16133 Ventura Blvd .. Suite 1200          liane@kingsleykingsley.com;
Encino, CA 91436                              jessica@kingsleykingsley.com

☒ **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Sacramento, California, in a sealed envelope with postage fully prepaid.

☐ **[by FAX]** - Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at fax number(s) listed above from fax number (916) 210-0401. The machine printed a record of the transmission, and no error was reported by the machine.

☐ **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

☐ **[by ELECTRONIC SERVICE]** - Based on a court order or an agreement of the parties to accept service by electronic transmission, I electronically served the document(s) to the person(s) at the electronic service address(es) listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed **August 10, 2022**, at Sacramento, California.

Alicia P. Malerbi                          By: _____
_____
Print Name                                                  Signature

1
PROOF OF SERVICE